UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ROSALES, Booking #24744369,<br><br>                                   Plaintiff,<br><br>v.<br><br>M. MARTINEZ, County Jail Nurse, et al.,<br><br>                                   Defendants. | Case No.:  25-cv-00841-RSH-MMP<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING APPOINTMENT OF COUNSEL**<br><br>[ECF Nos. 8, 11] |

Plaintiff Miguel Rosales, proceeding pro se and in forma pauperis, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleges while detained at the San Diego Central Jail ("SDCJ"), two SDCJ nurses failed to respond to his complaints of chest pain and difficulty breathing for two consecutive days in November 2024, and he required emergency transport to the emergency room at an outside hospital as a result. *Id.* at 2–4.

On July 9, 2025, the Court issued an order granting Plaintiff's motion to proceed IFP, denying his motion for appointment of counsel, screening his complaint pursuant to

28 U.S.C. §§ 1915(e)(2) and 1915A(a), and directing the U.S. Marshal to effect service of process on his behalf pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). ECF No. 5. In denying Plaintiff's motion for appointment of counsel without prejudice, the Court found Plaintiff had not satisfied the high standard of exceptional circumstances required to justify the appointment of counsel under 28 U.S.C. § 1915(e)(1). ECF No. 5 at 4–5. Specifically, the Court found Plaintiff's complaint, as currently pleaded, shows he can articulate essential facts to support his claims for inadequate medical care—including a sworn declaration attesting to the incident. Thus, the Court found, at least at this initial pleading stage, "Plaintiff appears to have an adequate grasp of the facts supporting his inadequate medical care claims, which are common to prison litigation and relatively straightforward." ECF No. 5 at 5.

Approximately two weeks after the Court issued its Order, Plaintiff filed two documents dated July 27, 2025,[1] in which he moves for reconsideration of the Court's denial of appointment of counsel. ECF Nos. 8, 11. To show exceptional circumstances under 28 U.S.C. § 1915(e)(1), Plaintiff offers two different grounds. First, Plaintiff claims the SDCJ law library is not required to provide copies of documents for pro se parties in civil matters, which Plaintiff believes will affect his ability to obtain and respond to Defendants' filings in this matter. ECF No. 11. Second, Plaintiff asserts SDCJ officials have refused to provide Plaintiff the correct proof of service by mail certificate; thus, Plaintiff is being "road-blocked" from proceeding in this action. *Id.*

---

[1] The first is a letter notifying the Court of Plaintiff's forthcoming motion for reconsideration, which was filed on the docket on July 29, 2025. ECF No. 8. The second is titled "Reconsideration for the Appointment of Counsel Under the Exceptional Circumstances, 28 U.S.C. § 1915(e)(1)" dated July 27, 2025 and filed on the docket on July 31, 2025. ECF No. 11.

## I.    LEGAL STANDARDS

### A.    Reconsideration

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation modified); *see also* CivLR 7.1(i)(1) (stating that the party seeking relief must present "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application"). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880 (citation modified).

### B.    Appointment of Counsel

"There is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation modified). District courts have discretion, however, to appoint counsel for indigent civil litigants in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); 28 U.S.C. § 1915(e)(1). In considering whether to appoint counsel in a civil suit, the court should assess: (1) whether the prisoner is likely to succeed on the merits and (2) whether "the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The plaintiff bears the burden of showing exceptional circumstances exist. *Palmer*, 560 F.3d at 970.

## II.    ANALYSIS

Reconsideration of the Court's July 9, 2025 Order is not appropriate at this stage of the proceeding—mere weeks after the Court denied appointment of counsel. Notably, Plaintiff does not contend there is newly discovered evidence, clear error, or an intervening

change in the law. *See Marlyn Nutraceuticals*, 571 F.3d at 880. Nor have there been any meaningful changes in this case in the few weeks since the Court's prior Order. Thus, Plaintiff has not established a proper basis for reconsideration.

Even if the Court were to reach the merits of his motion for reconsideration, neither of the grounds Plaintiff now identifies satisfy the high standard of exceptional circumstances for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). As the Court explained in its July 9, 2025 Order, the exceptional circumstances analysis requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citation modified). In analyzing Plaintiff's motion, the Court found both Plaintiff was able to articulate essential facts supporting his inadequate medical care claims and such claims are common to prison litigation and therefore relatively straightforward. ECF No. 5 at 5.

In the pending motion, Plaintiff claims the SDCJ law library is not required to provide copies of documents filed in civil matters, which may impact his ability to respond to Defendants' filings in this matter. Any documents filed in this case must be served on Plaintiff. *See* Electronic Case Filing Administrative Policies and Procedurals Manual Section 2(d)(2) ("A party who is not a registered participant of CM/ECF is entitled to service of a paper copy of any electronically filed document. The filing party must serve the non-registered party with the document according to the Federal Rules of Civil, Criminal and Appellate Procedure."). Accordingly, Defendants must serve a copy of their filings in this case on Plaintiff, and Plaintiff will be provided an opportunity to respond. It is noteworthy Plaintiff appears to have timely received a copy of the Court's July 9, 2025 Order that he now asks the Court to reconsider. Plaintiff also asserts the SDCJ library will not provide an ink pen; however, Plaintiff was able to draft the current motions. Further, the Court does not require a particular proof of service by mail certificate. Indeed, several of Plaintiff's own filings lack an official certificate of service and were nonetheless

accepted for filing. *See, e.g.*, ECF Nos. 3, 8, 11. Finally, both the factual basis and the relief sought in Plaintiff's motion for reconsideration are clear; thus, this motion is further indication Plaintiff is able to articulate his claims.

## III.    CONCLUSION

For the reasons stated above, the Court finds Plaintiff has not met his burden of establishing exceptional circumstances to justify the appointment of counsel under 28 U.S.C. § 1915(e)(1) and therefore **DENIES** Plaintiff's motion for reconsideration. ECF Nos. 8, 11.

**IT IS SO ORDERED**.

Dated:  August 12, 2025

HON. MICHELLE M. PETTIT
United States Magistrate Judge